IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,  :
     Plaintiff
                                           :

     vs.                             :   CRIMINAL NO. 1:CR-05-426-01

                                           :
TINA FAKE,
     Defendant              :

*M E M O R A N D U M*

*I.*      *Introduction*

On January 15, 2008, Defendant Tina M. Fake, an inmate at United States Penitentiary-Hazelton, filed a motion pursuant to 28 U.S.C. § 2255 (doc. 99) along with a request to proceed in forma pauperis.[1] The Government filed a brief (doc. 107) in response to our Order to Show Cause (doc. 100) as well as a supplemental brief (doc. 109). Fake's motion is now ripe for consideration, and we will deny the motion.

*II.*      *Background*

On April 20, 2006, Fake pleaded guilty to a two-count indictment charging her with Health Care Fraud Resulting in

---

[1] Fake previously filed a § 2255 motion (doc. 91) which we permitted her to withdraw following entry of a *Miller* notice. *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999). (docs. 92, 98).

Serious Bodily Injury in violation of 18 U.S.C. § 1347 and Criminal Forfeiture pursuant to 18 U.S.C. § 982(a)(7) and 28 U.S.C. § 2461(c).  (doc. 48).  On February 2, 2007, Fake was sentenced to 136 months' imprisonment and ordered to pay restitution in the amount of $236,853.21.  (doc. 79).  Fake did not appeal her conviction or sentence.

The charges arose from a residential personal care facility in Lebanon County, Pennsylvania operated by Fake and her husband.  Through the facility, the Fakes participated in a number of state and federally funded programs to provide care to care-dependent individuals.  An investigation revealed that the Fakes fraudulently obtained payments from these programs by submitting false documentation which overstated the level of care provided and the number of hours worked by the care providers.  The failure to provide proper care to individuals at the facility also led to episodes of neglect and abuse.  In addition to the federal charges, the Fakes pleaded guilty to state charges stemming from the same investigation.

*III.    Discussion*

Fake's § 2255 motion presents a number of claims.  First, Fake claims that the Government failed to prove, "by clear and convincing evidence, that Tina Fake owes restitution in the

amount of $236,853.21." (doc. 99, p. 15). Fake also challenges the applicability of sentence adjustments which increased her advisory Sentencing Guidelines range. *Id*. Specifically, Fake claims that the Government failed to show each of the following by a preponderance of the evidence: (1) that the offenses involved ten or more victims, (2) that the offenses involved a large number of vulnerable victims, (3) that Fake was the organizer or leader of the criminal activity, (4) that Fake abused a position of public or private trust, and (5) that Fake obstructed justice. *Id*. Along with challenging the evidence used to support the adjustments, Fake argues that the Court should have applied a clear and convincing standard for the offense level adjustments.

Fake presents additional claims concerning her Pre-Sentence Report ("PSR"), objecting to much of the factual summary contained in the "Offense Conduct" section. *See id*. at 30-59. As with Fake's claims concerning the sentence adjustments, Fake did not object to the PSR prior to sentencing nor did she file a direct appeal raising her claims.

The final claim which we have gleaned from the § 2255 motion concerns Fake's guilty plea. Fake claims that her guilty plea was "unlawfully induced" because she was heavily medicated at sentencing, resulting in a guilty plea despite her innocence. *Id*. (document labeled "Addendum to Presentence Report," ¶ 2). We will

3

construe Fake's claim as arguing that her guilty plea was unknowing and involuntary.

   *A. Procedural Default*

As noted, Fake did not pursue a direct appeal of her conviction or sentence. In a response on her form § 2255 motion, Fake explains that she did not appeal because she was "heavily medicated," because she "trusted attorney had [her] best intrest [sic]," and because she did not understand "legal procedures." *Id*. at 5.

By failing to pursue an appeal, Fake's claims concerning the restitution figure, the sentence adjustments, and the presentence report are procedurally defaulted unless she can show cause and prejudice to excuse the default. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (internal quotations omitted). Failure to raise a claim on direct appeal results in a procedural default of the claim, foreclosing collateral review unless the prisoner can show cause excusing the default and actual prejudice resulting from the errors. *United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). *See also United States v. Essig*, 10 F.3d 968, 979 (3d Cir. 1993) (applying the

cause and prejudice standard to § 2255 motions claiming sentencing errors which were not appealed). A defendant may also overcome a procedural default if he can show that he is "actually innocent." *United States v. Jenkins*, 333 F.3d 151, 155 (3d Cir. 2003) (quoting *Bousley*, 523 U.S. at 622). Actual innocence, meaning factual rather than legal innocence, requires a defendant to establish that "in light of all the evidence . . . it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (internal quotations omitted).

Cause for a procedural default requires a showing that "some objective factor external to the defense impeded counsel's efforts" to raise the claim. *Essig*, 10 F.3d at 979 (internal quotations omitted). To establish actual prejudice, a defendant must show "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170. The Third Circuit has determined that a "successful showing of ineffective assistance of counsel may satisfy the 'cause' prong of a procedural default inquiry." *United States v. Mannino*, 212 F.3d 835, 840 (3d Cir. 2000). Because Fake explained that she trusted that her attorney had her best interests yet failed to appeal and raise these issues, we will construe the § 2255 motion as arguing

5

that Fake did not present her claims on appeal due to ineffective assistance of counsel.  Consequently, we will consider whether such a claim is sufficient to show "cause" for her procedural default.

In order for ineffectiveness to constitute "cause," it must rise to a level of constitutional deprivation.  The defendant must show that "'counsel's representation fell below an objective standard of reasonableness,'" and that the deficient representation prejudiced the defendant to the extent that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).

Here, even if we conclude that counsel's failure to appeal and raise the claims now contained in Fake's § 2255 motion was objectively unreasonable, Fake has not shown prejudice from the error.  Fake's co-defendant, her husband Clifford Fake, was indicted, pled guilty, and sentenced on the same charges.  Unlike Tina Fake, Clifford Fake unsuccessfully pursued a direct appeal, raising claims identical to those in Tina Fake's § 2255 motion. *See United States v. Clifford Fake*, No. 07-1284, 2008 WL 723866 (3d Cir. Mar. 17, 2008) (nonprecedential).  In affirming the conviction and sentence, the Third Circuit considered and rejected Clifford Fake's claims concerning the applicable standard of proof

for factual findings supporting sentencing adjustments, the evidentiary support for the adjustments, and the amount of restitution.  *Id*. at 7, n.4, 7-16.  Had counsel for Tina Fake raised these same claims in her appeal, Tina Fake would have been unsuccessful as well.  Accordingly, Fake cannot show "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Mannino*, 212 F.3d at 840 (quoting *Strickland*, 466 U.S. at 688). Without a showing of ineffective assistance of counsel, Fake's claims concerning the restitution and sentence adjustments are procedurally defaulted.

We reach the same conclusion for Fake's objections to the Offense Conduct portion of the PSR.  Fake did not file objections to the PSR prior to sentencing or on appeal but now seeks to contest nearly every paragraph in the Offense Conduct section.  The claims are also procedurally defaulted unless Fake can show cause and prejudice for failing to raise them.  As with Fake's other defaulted claims, we will construe her claim as arguing that she failed to present the objections to the PSR prior to sentencing or on appeal due to ineffective assistance of counsel.

The Offense Conduct section of Tina Fake's PSR is identical to the corresponding section of Clifford Fake's PSR.

7

The objections to the PSR Tina Fake has submitted with her § 2255 motion largely mirror those made by Clifford Fake which were the subject of an extensive hearing conducted prior to his sentencing. *See* docs. 86, 87.  At the conclusion of the hearing, we rejected all of Clifford Fake's objections.  (doc. 86, p. 67).  Thus, Tina Fake was not prejudiced by counsel's failure to pursue her objections to the PSR because this Court had already rejected the same objections prior to Clifford Fake's sentencing.  Without showing prejudice, Fake cannot overcome the procedural default for these claims as well.  Therefore, Fake's request for relief on these grounds will be denied.[2]

   *B.  Guilty Plea*

We also reject Fake's attempt to withdraw her guilty plea ten months after the imposition of her sentence.[3]  Fake claims that the influence of heavy medication caused her to plead guilty despite her innocence.  (doc. 99, p. 30).  We will construe

---

[2] Fake, in seeking to withdraw her plea, contends that she is innocent of her conviction.  As noted, actual innocence may excuse procedural default.  Fake's bare assertion, however, does not meet the requisite showing that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted her. *See supra*, at pp. 4-5.

[3] By failing to raise this at any prior point, this claim would also be subject to procedural default.  Nonetheless, we will discuss it below.

8

Fake's claim as seeking to vacate her sentence because her guilty plea was neither knowing nor voluntary.

Federal Rule of Criminal Procedure 11 guides the plea process. Rule 11(d) allows a defendant to withdraw a guilty plea for any or no reason if the defendant does so prior to the court's acceptance of the plea. *Id.* at 11(d)(1). If the defendant seeks to withdraw the plea after its acceptance but before sentencing, he may do so upon a showing of a fair and just reason. *Id.* at 11(d)(2)(B). After sentencing, however, "the plea may be set aside only on direct appeal or collateral attack." *Id.* at 11(e). "The standard for withdrawal of a guilty plea after sentencing is considerably more stringent," and requires a showing of a "'fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the demands of fair procedure.'" *United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)). We will deny a post-sentence motion to withdraw a guilty plea "'unless manifest injustice to the defendant will result.'" *Paradiso v. United*

*States*, 482 F.2d 409, 416 (3d Cir. 1973) (quoting *United States v. Stayton*, 408 F.2d 558, 561 (3d Cir. 1969)).[4]

The defendant has the burden of establishing by a preponderance of evidence that the guilty plea was neither knowing nor voluntary. *United States v. Stewart*, 977 F.2d 81, 85 (3d Cir. 1992). At the plea hearing, the district court must make an "on the record" determination of the defendant's voluntariness and ability to understand the plea, specifically addressing any impairment at the hearing "once the court has been informed that the defendant has recently ingested drugs or other substances capable of impairing his ability to make a knowing and intelligent waiver of his constitutional rights." *United States v. Cole*, 813 F.2d 43, 45-46 (3d Cir. 1987). When we look back to a defendant's statements at a plea hearing,

> the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary

---

[4] The Government contends that we should use a three-pronged test in evaluating Fake's attempt to withdraw her guilty plea. *See* doc. 107, p. 17. The Third Circuit cases using this test, however, address a defendant's attempt to withdraw a guilty plea after it has been accepted but before the court has sentenced the defendant. It is unlikely that Fake could even meet this lesser standard.

>dismissal, as are contentions that in the face
of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

Fake's unsupported claim that heavy medication caused her to plead guilty despite her innocence has no support in the record. At her plea hearing, Fake was placed under oath, informed of the constitutional rights she was waiving by pleading guilty, and questioned about her understanding of her plea and its consequences. During the hearing, the government outlined its evidence against her and Fake agreed that it was a "reasonable and fair summary of the situation." (doc. 104, pp. 12-13). Fake's agreement came after the Court told her "to feel perfectly free to say so" if she had "any disagreement or if there's any qualification that you want to offer." *Id*. at 10. After asking Fake if she had any questions about anything or did not understand anything, the Court asked for and accepted Fake's plea as voluntary and informed. *Id*. at 14-15. Fake made no mention of any impairment, medical or otherwise, which might have suggested that she did not understand the proceedings. Based on this, as well as our own observation and communication with Fake at the hearing, there was nothing which would have alerted us to the heavily medicated state that Fake now claims undermined her

11

ability to understand the proceedings.  Therefore, Fake's bare assertion concerning the voluntariness of the plea, made more than a year after sentencing, does not meet her burden for withdrawing the plea and we will deny relief on this ground.

*IV.       Certificate of Appealability*

We will also deny a certificate of appealability, based on the analysis in this Memorandum.  However, Fake is advised that she has the right for sixty (60) days to appeal our order denying her § 2255 motion, *see* 28 U.S.C. § 2253(a), and that our denial of a certificate of appealability does not prevent her from doing so, as long as she also seeks a certificate of appealability from the court of appeals.  *See* Federal Rule of Appellate Procedure 22.

                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

Date: May 8, 2008

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,      :
        Plaintiff
                               :

    vs.                        :  CRIMINAL NO. 1:CR-05-426-01

                               :
TINA FAKE,
        Defendant              :
```

*O R D E R*

AND NOW, this 8th day of May, 2008, upon consideration of Defendant's motion under 28 U.S.C. § 2255 (doc. 99), filed January 15, 2008, and pursuant to the accompanying Memorandum, it is ordered that:

    1. Defendant's § 2255 motion (doc. 99) is denied;

    2. A certificate of appealability is denied;

    3. Defendant's motion to proceed in forma pauperis (doc. 99, p. 1) is dismissed as moot;

    4. The Clerk of Court shall close this file.

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge